**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Beulah Faye Brissey, Anthony Charles Rogers, and
Mackenzie Dakotah Pace, Defendants,

of whom Mackenzie Dakotah Pace is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2025-000924

———————

Appeal From Pickens County
Karen S. Roper, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-359
Submitted June 30, 2026 – Filed July 2, 2026

———————

**AFFIRMED**

———————

Jonathan P. Whitehead, of The Law Offices of Jonathan
P. Whitehead, LLC, of Simpsonville, for Appellant.

Andrew Troy Potter, of Anderson; and Ashley P. Case,
of Fountain Inn, both for Respondent.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for the Guardian ad Litem.

---

**PER CURIAM:** Mackenzie Pace (Father) appeals the family court's final order terminating his parental rights to his minor child (Child). On appeal, Father argues the family court erred in granting the termination of parental rights (TPR) based on three statutory grounds—the severity and repetition of the abuse, Father's failure to remedy the conditions that caused Child's removal, and Child remaining in foster care for fifteen of the previous twenty-two months—and in determining TPR was in Child's best interest. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in granting TPR based on Father's failure to remedy the conditions that caused Child's removal. *See S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 67, 814 S.E.2d 148, 151 (2018) ("On appeal from a matter in the family court, [the appellate c]ourt reviews factual and legal issues de novo."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); S.C. Code Ann. § 63-7-2570 (Supp. 2025) (stating that the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *Smith*, 423 S.C. at 76, 814 S.E.2d at 156 ("The grounds for TPR must be proven by clear and convincing evidence."); § 63-7-2570(2) (providing a statutory ground for TPR is met when a "child has been removed from the parent pursuant to . . . [s]ection 63-7-1660 [of the South Carolina Code (2010 & Supp. 2025)] and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal").

In April 2023, Child, who was two years old, entered foster care due in large part to the conditions of the home from which she was removed. Father's court-ordered placement plan required him to, inter alia, maintain safe and stable housing with a suitable place for Child to sleep, demonstrate appropriate behavior and boundaries in order to avoid exposing Child to anything of a sexual nature, and complete a psychosexual assessment and follow any resulting recommendations. At the TPR hearing almost two years later, Father lived in the home of his mother and stepfather (collectively, Grandparents) while building a tiny home on their

property. Father testified that at the time of the TPR hearing, Grandparents' home did not contain adequate space for Child. He also testified the tiny home, which was 200 square feet and contained one bathroom and one combined living, eating, and sleeping area, still required floor insulation and "a few more walls" before it was completed. Father acknowledged the tiny home was not a long-term living solution for Child. Additionally, a 2019 incident involving Father and Child's then-six-year-old half-sister (Sibling) heightens the importance of the physical confines of the tiny home. Father repeatedly testified that he did not understand the impact his actions had on Sibling, even after he sustained a criminal conviction, submitted to a psychosexual evaluation, and attended individual counseling. Thus, we find that even if Father's home was complete at the time of the hearing, it did not constitute safe and suitable housing for Child. Accordingly, we hold the family court did not err in granting TPR on this statutory ground.[1]

We hold the family court did not err in finding TPR was in Child's best interest. *See Smith*, 423 S.C. at 85, 814 S.E.2d at 161 ("In a TPR case, the best interest of the child is the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Although Father had exercised consistent visitation with Child since she entered foster care, he had not availed himself of the almost two years following Child's removal to provide suitable housing for her or to show he understood the impact of his actions on Sibling, who was only slightly older than Child was at the time of the TPR hearing. Moreover, through physical, occupational, and speech therapies, Child had made drastic improvements since she entered foster care, including being able to walk without leg braces and talk in almost-full sentences. Child also saw medical specialists to monitor her ear and hip conditions and had been diagnosed with developmental delays. Despite the case worker's testimony that Father was "very aware of what was going on with [Child] throughout" the case due to her verbal and photo updates, Father did not know when Child attended her various appointments. Child and her older half-brother had been placed together in the same pre-adoptive foster home since

---

[1] Because we hold the family court properly granted TPR on the aforementioned ground, we decline to address the remaining two statutory grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

April 2023, and Child had developed a strong bond with her foster mother and the other children in the foster home. The guardian ad litem also believed TPR was in Child's best interest. Accordingly, we hold the family court did not err in finding TPR was in Child's best interest.

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.